IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02896-PAB

ERICA C. VALENZUELA,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

**ORDER**

    This matter comes before the Court on plaintiff Erica C. Valenzuela's motion for attorney's fees [Docket No. 19] brought pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), which defendant Carolyn W. Colvin (the "Commissioner") opposes [Docket No. 20]. The Commissioner believes she was "substantially justified" in litigating this appeal. *Cf. Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 934 (10th Cir. 2008) ("EAJA fees are assessed against the United States when its actions were not 'substantially justified.'") (citing 28 U.S.C. § 2412(d)(1)(A) (2006)). In the event the Court does award fees, the Commissioner argues they should be made payable to plaintiff and not her attorney. Docket No. 20 at 5-6.

    "[A] claimant may seek to defray the cost of appealing from an agency decision to a court under the . . . [EAJA] fee shifting statute." *Wrenn*, 525 F.3d at 934. Under the EAJA, "'a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., brought by or

against the United States . . ., unless the court finds that the position of the United States was substantially justified." *Manning v. Astrue*, 510 F.3d 1246, 1249 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A) (2006) (omissions in original) (emphasis omitted)). "Substantially justified" means "justified to a degree that could satisfy a reasonable person" or, stated otherwise, that the government had a "reasonable basis both in law and fact" for its position. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "Under the EAJA, the government bears the burden of showing that its position was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988).[1]

Here, the Court reversed and remanded the Commissioner's decision that plaintiff was not disabled because the ALJ stated that she gave "significant weight" to the opinion of Dr. Ellen Ryan, but did not include all of the limitations found by Dr. Ryan in the hypothetical question she posed to the vocational expert ("VE"). *Valenzuela v. Astrue*, No. 10-cv-02896-PAB, 2012 WL 638133, at *6 (D. Colo. Feb. 27, 2012). Specifically, Dr. Ryan opined that plaintiff "may not be able to work closely with supervisors or co-workers," "should be able to accept supervision and relate to co-workers if contact is not frequent or prolonged," and "should have minimal to no interaction with the general public." R. at 207. Dr. Ryan also opined that the plaintiff can perform work that "does not require more than simple instructions, ordinary routines and simple work decision making." *Id*.

---

[1] The Court is to consider both the government's position in the underlying agency action and its position during any subsequent litigation. *Hadden*, 851 F.2d at 1267; *see* 28 U.S.C. § 2412(d)(2)(D) (stating that "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based").

In setting forth plaintiff's residual functional capacity ("RFC"), the ALJ stated that plaintiff requires work that is "not in close proximity to coworkers, and in minimal direct contact with the public." R. at 20. The ALJ also stated that plaintiff can perform work that "is simple and unskilled, with one-, two- or three-step instructions." *Id.* The ALJ used the language of the RFC in the hypothetical posed to the VE, asking whether there were available jobs for an individual who "would require work which is simple and unskilled with one, two, or three-step instructions. Not in close proximity to co-workers, meaning that the individual could not function as a member of a team. And only minimally in direct contact with the public." R. at 44.

The Court noted that the differences between Dr. Ryan's opinion and the hypothetical question posed to the VE may "appear small," but found that it could not "confidently conclude that the discrepancy . . . was harmless." 2012 WL 638133, at *6 (citing *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (stating that harmless error analysis may be appropriate where a court can "confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way").

In assessing a claimant's RFC, an ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8P, 1996 WL 374184, at *7 (July 2, 1996). "[A]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012). The Tenth Circuit has cautioned that "a proper hypothetical question relating

with precision all of the claimant's impairments is required in order for a VE's testimony to constitute substantial evidence to support the decision." *Sitsler v. Astrue*, 410 F. App'x 112, 120 (10th Cir. 2011).

The Commissioner argues that the hypothetical question the ALJ posed to the VE contained all of the limitations noted in Dr. Ryan's opinion that were supported by substantial evidence in the record and thus that the ALJ had a reasonable basis in law and fact for relying on the VE's testimony. Docket No. 20 at 4-5. However, the ALJ did not advance any explanation for the decision to include only certain parts of Dr. Ryan's opinion in the hypothetical question, *see* R. at 23-24, even though such selectivity has been specifically rejected by the Tenth Circuit. *See Chapo*, 682 F.3d at 1292. As the Court may not rely on a rationale for an ALJ's determination supplied by the Commissioner after the fact, the decision to litigate this appeal despite the ALJ's omission was not substantially justified. *See Grogan v. Barnhart*, 399 F.3d 1257, 1263 (10th Circuit 2005) ("the district court may not create post-hoc rationalizations to explain the Commissioner's treatment of evidence when that treatment is not apparent from the Commissioner's decision itself").

Plaintiff requests an award of $5,180.00 in attorney's fees accrued through the litigation of the instant motion, constituting 29.6 hours of work at a rate of $175.00 per hour. Docket No. 19-1 at 2-4; Docket No. 21 at 6-7. The Commissioner does not dispute the amount requested, but notes that the check should be made payable to plaintiff as opposed to plaintiff's attorney, Michael Seckar, a contention to which plaintiff does not object. *See* Docket No. 20 at 5-6; Docket No. 21 at 5.

To determine a reasonable fee request, a court must begin by calculating the

"lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). With respect to assessing the hours claimed, the Supreme Court has found that certain tasks are non-compensable because they are "purely clerical or secretarial tasks [which] should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

Here, plaintiff seeks an award of fees for 0.2 hours related to service of process. Docket No. 19-1 at 2. Such time is not compensable. *See Jenkins*, 491 U.S. at 288 n.10. The Court finds that the remainder of the hours claimed are reasonable. In addition, the Court notes that Mr. Seckar undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting plaintiff's position, and obtained a favorable result for plaintiff.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $5,145.00 ($175.00 per hour multiplied by 29.4 hours) is reasonable.

Accordingly, it is

**ORDERED** that the Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [Docket No. 19], filed by plaintiff Erica C. Valenzuela, is GRANTED. It is further

**ORDERED** that plaintiff Valenzuela is awarded $5,145.00 in attorney's fees.

DATED April 25, 2013.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge